UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LINDNER CAPITAL ADVISORS, INC., and ROBERT J. LINDNER,<br><br>Defendants. | Civil Action File No. 1:20-CV-03970-ELR |

CONSENT JUDGMENT AS TO DEFENDANTS LINDNER CAPITAL
ADVISERS, INC. AND ROBERT J. LINDNER

The Securities and Exchange Commission having filed a Complaint and Defendants Lindner Capital Advisers, Inc. ("LCA") and Robert J. Lindner ("Lindner") ( collectively "Defendants") having entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise

provided herein in paragraphs V and VII); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, and Defendant Lindner is also permanently restrained and enjoined from aiding and abetting violations of, Section 206(1) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(1)], by, acting as or aiding and abetting an investment adviser, using the mails and the means and instrumentalities of interstate commerce, and directly and indirectly, employing devices, schemes and artifices to defraud one or more advisory clients and/or prospective clients, by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

    (A)   any investment strategy or investment in securities,

    (B)   the prospects for success of any product or company,

    (C)   the use of client funds,

    (D)   compensation to any person,

(E) Defendant's qualifications to advise clients;

(F) the financial condition of an investment adviser: or

(G) the existence of a life insurance policy on any principal or executive of an investment adviser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, and Defendant Lindner is also permanently restrained and enjoined from aiding and abetting violations of, Section 206(2) of the Advisers Act [15 U.S.C. § 80b-6(2)] by, acting as or aiding and abetting an investment adviser, by, through the use of the mails and the means and instrumentalities of interstate commerce, engaging in transactions, practices, and courses of business which operate as a fraud and deceit on one or more advisory clients and/or prospective clients, by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any

client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

    (A)   any investment strategy or investment in securities,

    (B)   the prospects for success of any product or company,

    (C)   the use of client funds,

    (D)   compensation to any person,

    (E)   Defendant's qualifications to advise clients;

    (F)   the financial condition of an investment adviser: or

    (G)   the existence of a life insurance policy on any principal or executive of an investment adviser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, and Defendant Lindner is also permanently restrained and enjoined from aiding and abetting violations of, Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-7 [17 C.F.R. § 206(4)-7] thereunder, by, while acting as or aiding and abetting an investment adviser, using the mails and the means and instrumentalities of interstate commerce, directly and indirectly, to engage in fraudulent, deceptive or manipulative practices or courses of business, and failing to adopt and implement written policies and procedures reasonably designed to prevent violations of the Advisers Act and the rules thereunder by the Defendants or their supervised persons.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, and Defendant Lindner is also permanently restrained and enjoined from aiding and abetting violations of, Section 207 of the Advisers Act [15 U.S.C. § 80b-7] by, using the mails and the means and instrumentalities of interstate commerce, willfully making untrue statements of material fact or omitting to state material facts required to be stated in a report filed with the Commission.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay civil penalties pursuant to Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. Upon motion of the Commission, the Court shall determine the amount of the civil penalties. In connection with the Commission's motion for civil penalties, and at any hearing held on such a motion: (a)

Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for civil penalty or other amounts due by

Defendants under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by such Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court **ORDERS** the Clerk to enter this Judgment and grant the Parties' "Motion to Approve Consent Judgment." [Doc. 8].

**SO ORDERED**, this 9th day of November, 2020.

*Eleanor L. Ross*
_____
ELEANOR L. ROSS
UNITED STATES DISTRICT COURT JUDGE
NORTHERN DISTRICT OF GEORGIA